Reed R. Kathrein (139304)
Jeff D. Friedman (173886)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
jefff@hbsslaw.com

Attorneys for Plaintiffs Barton and Gentilcore

Daniel C. Girard (114826)
GIRARD GIBBS LLP
601 California Street
Suite 1400
San Francisco, CA 94104
Telephone:  (415) 981-4800
Facsimile:   (415) 981-4846
dcg@girardgibbs.com

Attorneys for Plaintiffs Romero and Yahn

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LYNN BARTON, On Behalf of Herself and all Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>FIDELITY NATIONAL FINANCIAL, INC., FIDELITY NATIONAL TITLE INSURANCE COMPANY, TICOR TITLE INSURANCE COMPANY, TICOR TITLE INSURANCE COMPANY OF FLORIDA, CHICAGO TITLE INSURANCE COMPANY, NATIONAL TITLE INSURANCE OF NEW YORK, INC., SECURITY UNION TITLE INSURANCE COMPANY, THE FIRST AMERICAN CORPORATION, FIRST AMERICAN TITLE INSURANCE COMPANY, UNITED GENERAL TITLE INSURANCE COMPANY, LANDAMERICA FINANCIAL GROUP, INC., COMMONWEALTH LAND TITLE | No. 08-cv-1341 JSW<br>No. 08-cv-1374 JSW<br>No. 08-cv-1928 MEJ<br>No. 08-cv-3391 JSW<br><br>**UNOPPOSED MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES TO CONSOLIDATE RELATED ACTIONS FOR ALL PURPOSES**<br><br>DATE:    September 5, 2008<br>TIME:    9:00 a.m.<br>DEPT:    Courtroom 2, 17th Floor<br><br>ACTION FILED: March 10, 2008 |

010031-17 251267 V1

| | |
|---|---|
| 1 | INSURANCE COMPANY, LAWYERS TITLE ) |
| | INSURANCE CORPORATION, ) |
| 2 | TRANSNATION TITLE INSURANCE ) |
| | COMPANY, STEWART TITLE GUARANTY ) |
| 3 | COMPANY and STEWART TITLE ) |
| | INSURANCE COMPANY, ) |
| 4 | ) |
| |                        Defendants. ) |
| 5 | _____) |

UNOPPOSED MOTION TO CONSOLIDATE CALIFORNIA
ACTIONS - 08-cv-1341 JSW
010031-17 251267 V1

Plaintiffs (the "California Plaintiffs") in all title insurance price-fixing actions pending in the State of California, by their attorneys, move this Court, pursuant to Federal Rule of Civil Procedure 42(a) and 28 U.S.C. § 1404(a), for an order consolidating related cases pending in this judicial district for all purposes, as well as the consolidation of actions presently pending in other districts that the California Plaintiffs will request be transferred to this District and any future actions that may be filed in this District or actions that may be transferred to this District. ***Defendants do not oppose the consolidation sought in this motion and have reviewed and approved the Proposed Order filed herewith.*** The cases currently pending in the Northern District of California for which consolidation is sought include:

| ABBREVIATED CASE NAME | CASE NO. | DATE FILED |
|---|---|---|
| *Barton v. Fidelity National Financial, Inc. et al.* | 08-1341-JSW | 03/10/08 |
| *Gentilcore v. Fidelity National Financial, Inc. et al.* | 08-1374-JSW | 03/11/08 |
| *Blackwell v. Fidelity National Financial, Inc. et al.* | 08-1928-MEJ | 4/11/08 |
| *Romero v. Fidelity National Financial, Inc. et al.* | 08-3391-JSW | 7/14/08 |

The California Plaintiffs further notice the Court that they will file unnopposed motions in the following cases currently pending in other districts within California to have such cases transferred to this District for the purpose of consolidation under the terms of this Motion and the Proposed Order filed concurrently herewith.

| ABBREVIATED CASE NAME | CASE NO. | DATE FILED |
|---|---|---|
| *Martinez v. Fidelity National Financial, Inc. et al.* | 08-0499-MJL (S.D. Cal.) | 03/18/08 |
| *Davis v. Fidelity National Financial, Inc. et al.* | 08-1897-DSF (C.D. Cal.) | 03/20/08 |
| *Kothari v. Fidelity National Financial, Inc. et al.* | 08-0440-DSF (C.D. Cal.) | 4/23/08 |
| *Magana v. Fidelity National Financial, Inc. et al.* | 08-0591-DSF (C.D. Cal.) | 5/28/08 |
| *Moynahan v. Fidelity National Financial, Inc. et al.* | 08-0620-AHS (C.D. Cal.) | 6/04/08 |

Concurrently with the submission of this motion, California Plaintiffs expect to meet and confer in an attempt to reach agreement for appointment of Interim Class Counsel, subject to Court approval.  If California Plaintiffs do not reach agreement, those California Plaintiffs' counsel wishing to be considered for appointment as Interim Class Counsel will submit competing motions for appointment.

Within thirty (30) days of the later of (1) entry of an order appointing Interim Class Counsel or (2) the last transfer to this District of the cases set forth immediately above, Interim Class Counsel will cause to be filed under Federal Rule of Civil Procedure 15(a)(1), a Consolidated Complaint in the earliest filed *Barton* case to create a single operative complaint under Case No. 08-1341-JSW.  None of the Defendants have answered or otherwise responded to the complaint in any California case.

This motion is based on the memorandum of points and authorities, the Declaration of Reed R. Kathrein in Support of Plaintiffs' Motion to Consolidate Related Actions for All Purposes ("Kathrein Decl."), and the Court's complete files and records in the above-captioned actions. Defendants do not oppose this Motion for consolidation of the above described cases and do not oppose assignment of the cases to this Court.

Defendants have further requested, and Plaintiffs have agreed, that the Answer or other responsive pleading to the Consolidated Complaint be due forty-five (45) days following the filing of the Consolidated Complaint, and that the deadline set forth in this Court's Initial Scheduling Order for the Rule 26(f) conference be extended until ten (10) days following the filing of Defendants' Answers, or in the event Defendants file motions to dismiss, ten (10) days after the Court's ruling on those motions, with corresponding extensions of the additional deadlines set forth in the Initial Scheduling Order.

## I.     INTRODUCTION

Presently pending before this Court are three related antitrust class-action lawsuits.  Also related is an additional case in this district currently assigned to Magistrate James, four cases in the Central District of California, and one case in the Southern District of California.  All of these cases allege that Defendant title insurers ("Title Insurers") engaged in anticompetitive conduct in

violation of Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. § 1, the California Business and Professional Code, and were unjustly enriched. The actions present substantially similar, if not identical, factual and legal issues, including:

- Whether the Title Insurers engaged in a combination or conspiracy to raise, maintain, and/or stabilize title insurance premiums, in the four years prior to the filing of the complaints (the "Class Period");

- The duration of the conspiracy and the nature and character of the acts performed by the Title Insurers in furtherance of the conspiracy during the Class Period;

- Whether the Title Insurers' conduct caused injury to the businesses or property of plaintiffs and putative class members who purchased title insurance in California during the Class Period;

- The appropriate measure of damages sustained by plaintiffs and putative class members who purchased title insurance in California during the Class Period; and

- Whether plaintiffs are entitled to injunctive relief.

All cases involve the same defendants and name the same co-conspirators. All cases will involve similar issues related to any motions to dismiss, class certification, and summary judgment. Moreover, the same discovery and damage analyses will be relevant to all actions. In the interest of efficiency and judicial economy, the California Plaintiffs respectfully request that this Court consolidate the cases into one action for all purposes, captioned *In re California Title Insurance Antitrust Cases*, and proceed under the Consolidated Complaint to be filed in the earliest filed Case No. 08-1341-JSW.

## II.     BACKGROUND AND PROCEDURAL HISTORY

On March 10, 2008, Plaintiff Lynn Barton filed her lawsuit in the Northern District of California alleging a price-fixing conspiracy by the Title Insurers. Subsequently, seven additional lawsuits containing similar allegations were filed in the Northern, Central and Southern Districts of California. Copies of the complaints in the California cases are attached to the Kathrein Declaration, filed herewith, as Exhibits 1-9.

Plaintiffs in three putative class action cases filed in New York filed a motion with the Judicial Panel on Multidistrict Litigation ("JPML") requesting consolidation of related cases against the Title Insurers that are pending around the country and seeking transfer of those cases to

New York. After briefing and oral argument, the JPML declined to consolidate the cases.[1]

Accordingly, to promote efficiency and judicial economy, the California Plaintiffs now move this Court to consolidate the California cases into one action for all purposes and to have these actions (and any that may be subsequently filed in and/or transferred to this district) be subject to the same schedule and deadlines as ordered by the Court. Should this motion be denied, or additional cases filed which do not consent to transfer to this District, California Plaintiffs will promptly file a motion under 28 U.S.C. section 1407 for an order centralizing these and any other California title insurance-related actions in a single California District Court.

### III. CONSOLIDATION OF THE CALIFORNIA TITLE INSURANCE ANTITRUST CASES FOR ALL PURPOSES WOULD PROMOTE EFFICIENCY AND AVOID UNNECESSARY COST AND DELAY

Rule 42(a) of the Federal Rules of Civil Procedure allows this Court to order consolidation of separate actions:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

Under this rule, it is well settled that the district court has broad discretion to consolidate cases pending within its district that involve common questions of law and fact. *See, e.g.*, *Owen v. Labor Ready, Inc.*, 146 Fed. Appx. 139, 141 (9th Cir. 2005) ("When actions involving a common question of law or fact are pending before the court, . . . it may order all the actions consolidated."); *Lexington Ins. Co. v. Issaquah Care Ctr.*, No. C05-16148, 2006 U.S. Dist. Lexis 16628, at *5 (W.D. Wash. Mar. 18, 2006) (Rule 42(a) allows courts to consolidate actions presenting "common questions of fact" pending before the court); *see also* Manual for Complex Litigation (Fourth) § 11.631 at 121 (2004) (Rule 42(a) authorizes the judge to consolidate actions pending in the same court involving common questions of law or fact if it will avoid unnecessary cost or delay).

---

[1] *See Order Denying Transfer, In Re: Title Insurance Real Estate Settlement Procedures Act (RESPA) & Antitrust Litigation*, MDL No. 1951 (filed in this case at Dkt. No. 21).

UNOPPOSED MOTION TO CONSOLIDATE CALIFORNIA ACTIONS - 08-cv-1341 JSW - 4 -
010031-17 251267 V1

1    Courts have recognized that class action suits are particularly well-suited to consolidation pursuant to Federal Rule of Civil Procedure 42(a), because their consolidation expedites pretrial proceedings, reduces case duplication, avoids the harassment of parties and witnesses from inquiries in multiple proceedings, and minimizes the expenditure of time and money by all persons concerned.  *See In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976) (citing *Garber v. Randell*, 477 F.2d 711, 714 (2d Cir. 1973)).  Consolidating class action suits not only simplifies pretrial and discovery motions, class action issues, and clerical and administrative management duties, but it also reduces the confusion and delay that may result from prosecuting related class-action cases separately.  *Id*.

Here, the actions pending before this Court present substantially similar, if not identical, factual and legal issues, involve the same defendants, and relate to conduct during the same time period.  All of the actions will involve similar issues related to any motions to dismiss, class certification and summary judgment.  The same discovery and damage analyses will be relevant to all lawsuits.  Moreover, no party objects to consolidation.

## IV.    CONCLUSION

For the above reasons and in order to promote efficiency and judicial economy, the California Plaintiffs respectfully request that the Court grant this motion to consolidate the pending and any future-filed Northern District of California actions into one action for all purposes and to further consolidate the actions pending and any future actions in other California judicial districts upon the transfer of such actions to this District.  The California Plaintiffs further request that the Court order that the Consolidated Complaint be filed within thirty (30) days of the later of appointment of Interim Class Counsel or receipt in this District of last case set forth as related in this Motion, and the Defendants' answer or other responsive pleadings be due forty-five (45) days following the filing of the Consolidated Complaint, and further request that the deadline set forth in this Court's Initial Scheduling Order for the Rule 26(f) conference be extended until ten (10) days following the filing of Defendants' Answers, or in the event Defendants file motions to dismiss, ten

1  (10) days after the Court's ruling on those motions, with corresponding extensions of the additional

2  deadlines set forth in the Initial Scheduling Order.

3  Dated:  July 23, 2008

HAGENS BERMAN SOBOL SHAPIRO LLP


By     /s/     Reed R. Kathrein
       REED R. KATHREIN (139304)

Reed R. Kathrein (139304)
Jeff D. Friedman (173886)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com
reed@hbsslaw.com

Steve W. Berman
Anthony D. Shapiro
Thomas E. Loeser (202724)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, California  98101
Telephone:  (206) 623-7292
Facsimile:   (206) 623-0594
steve@hbsslaw.com
tony@hbsslaw.com
toml@hbsslaw.com

Attorneys for Plaintiffs Barton and Gentilcore

Reginald Von Terrell
THE TERRELL LAW GROUP
229 25th Street
Richmond, California 94804
Telephone:  (510) 237-9700
Facsimile:   (510) 237-4616
reggiet2@aol.com

Attorneys for Plaintiff Blackwell

Daniel C. Girard
GIRARD GIBBS LLP
601 California Street, Suite 1400
San Francisco, CA 94104

UNOPPOSED MOTION TO CONSOLIDATE CALIFORNIA         - 6 -
ACTIONS - 08-cv-1341 JSW
010031-17  251267 V1

1
2  Telephone: (415) 981-4800
   Facsimile: (415) 981-4846
   dcg@girardgibbs.com

3  Attorneys for Plaintiffs Romero and Sarah Yahn

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNOPPOSED MOTION TO CONSOLIDATE CALIFORNIA         - 7 -
ACTIONS - 08-cv-1341 JSW
010031-17  251267 V1

**CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

        /s/ Reed R. Kathrein
        REED R. KATHREIN

CAND-ECF                                                     file:///C:/Documents%20and%20Settings/sftemp/Desktop/07-23-08%20...

Case 3:08-cv-01374-JSW    Document 19    Filed 07/23/2008    Page 11 of 14

CM/ECF ?

- Civil
- Criminal
- Query
- Reports
- Utilities
- Search
- Logout

# Mailing Information for a Case 3:08-cv-01341-JSW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Steve W. Berman**
  steve@hbsslaw.com,robert@hbsslaw.com,heatherw@hbsslaw.com

- **Jeff D Friedman**
  jefff@hbsslaw.com,nancyq@hbsslaw.com,sf_filings@hbsslaw.com

- **Reed R. Kathrein**
  reed@hbsslaw.com,nancyq@hbsslaw.com,sf_filings@hbsslaw.com

- **Margaret Anne Keane**
  mkeane@dl.com

- **Thomas Eric Loeser**
  toml@hbsslaw.com

- **Kris Hue Chau Man**
  kman@dl.com,sholstrom@dl.com

- **Frank E. Merideth , Jr**
  meridethf@gtlaw.com,beattyc@gtlaw.com

- **Anthony D. Shapiro**
  tony@hbsslaw.com,george@hbsslaw.com,ronnie@hbsslaw.com

- **Alex C. Turan**
  act@girardgibbs.com,ace@girardgibbs.com

## Manual Notice List

The following is the list of attorneys who are **not**
on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

# Mailing Information for a Case 3:08-cv-01374-JSW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeff D Friedman**
  jefff@hbsslaw.com,nancyq@hbsslaw.com,sf_filings@hbsslaw.com

- **Reed R. Kathrein**
  reed@hbsslaw.com,nancyq@hbsslaw.com,sf_filings@hbsslaw.com

- **Margaret Anne Keane**
  mkeane@dl.com

- **Kris Hue Chau Man**
  kman@dl.com,sholstrom@dl.com

- **Frank E. Merideth , Jr**
  meridethf@gtlaw.com,beattyc@gtlaw.com

## Manual Notice List

The following is the list of attorneys who are **not**
on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

# Mailing Information for a Case 3:08-cv-01928-MEJ

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Donald Chidi Amamgbo , Esq**
  donald@amamgbolaw.com,ndudi@amamgbolaw.com

- **Frank E. Merideth , Jr**
  meridethf@gtlaw.com,beattyc@gtlaw.com

- **Reginald Von Terrell**
  reggiet2@aol.com

## Manual Notice List

The following is the list of attorneys who are **not**
on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

# Mailing Information for a Case 3:08-cv-03391-JSW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Daniel C. Girard**
  dcg@girardgibbs.com,cma@girardgibbs.com

- **Elizabeth Cheryl Pritzker**
  ecp@girardgibbs.com,act@girardgibbs.com,smq@girardgibbs.com,amv@girardgibbs.com,ale@girardgibbs.com,cme@girardgibbs.com

- **Aaron M. Sheanin**
  ams@girardgibbs.com,amv@girardgibbs.com,ace@girardgibbs.com

- **Alex C. Turan**
  act@girardgibbs.com,ace@girardgibbs.com

## Manual Notice List

The following is the list of attorneys who are **not**
on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)